IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| John C. Tanis, III, | Case No. 4:10 CV 1355 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| J. T. Shartle, | |
| Respondent. | |

### INTRODUCTION

*Pro se* Petitioner John Tanis, III, incarcerated at the Federal Correctional Institution, Elkton, Ohio, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 (Doc. No. 1). Petitioner is serving a 72 month sentence on convictions for felon in possession of a firearm in violation of 18 U.S.C. § 922(g), and misprision of a felony in violation of 18 U.S.C. § 4. His projected release date is August 2011. Petitioner requests this Court order the Bureau of Prisons ("BOP") (1) to consider "separately and in good faith" whether he should be awarded a twelve month (or the balance of his time) Residential Re-entry Center ("RRC") placement, and (2) to report to this Court, within thirty days of this Order, the results of the reconsideration of his RRC placement.

### DISCUSSION

This matter is before the Court for screening. 28 U.S.C. § 2243 (court shall summarily determine facts and dispose of matter as law and justice require); *Harper v. Thoms*, 2002 WL 31388736, at *1 (6th Cir. Oct. 22, 2002). At this stage, allegations in the Petition are taken as true and liberally construed in Petitioner's favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

Because Petitioner is appearing *pro se*, his Petition is held to less stringent standards than those drafted by attorneys. *Id.* For the reasons set forth below, his Petition lacks merit.

Petitioner challenges the BOP's implementation of the Second Chance Act, 18 U.S.C. § 3624(c)(1). The Act provides that the Director of the BOP "shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed twelve months) under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." The Act does not guarantee that any prisoner will be placed in an RRC, but it requires that the BOP at least consider placing an inmate in an RRC for up to twelve months. *See Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009). Petitioner attacks the BOP's internal policy which requires that any RRC placement longer than six months be approved by a Regional Director and be supported by extraordinary circumstances. *See Krueger v. Martinez*, 665 F. Supp. 2d 477, 481 (M.D. Penn. 2009) (describing BOP policy in an April 14, 2008 Memorandum and in Program Statement 7310.04). According to Petitioner, this policy is contrary to the terms and purpose of the Second Chance Act, which mandate an individual determination for every inmate. Petitioner asks this Court to order the BOP to consider his placement in an RRC "separately and in good faith" -- meaning, presumably, the BOP should ignore the "extraordinary circumstances" policy for RRC placements greater than six months.

First, a procedural hurdle: Petitioner has not exhausted his administrative remedies. A federal prisoner must exhaust his administrative remedies prior to filing a habeas petition under Section 2241. *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006). Administrative remedies available to inmates confined in BOP institutions are set out in 28 C.F.R. §§ 542.10-542.19 (2000). Petitioner has pursued the necessary administrative actions but acknowledges he has not yet received a final

2

determination. He nevertheless argues he should be allowed to file this action because exhausting the administrative appeal process would be futile. Exhaustion would be futile, contends Petitioner, because the BOP is unlikely to ignore its own policy when ruling on his administrative appeal -- the whole aim of his current Petition. Nonetheless, the BOP "should be given the opportunity to consider the application of its policy to [Petitioner's] claim before the matter is litigated in the federal courts." *Taylor v. U.S.*, 62 F.3d 1418, 1995 WL 460512, at \*3 (6th Cir. Aug. 2, 1995) (unpublished table case) (citing *Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991)). Accordingly, the Petition must be dismissed for failure to exhaust administrative remedies.

Furthermore, even if the Petition were not barred, this Court could not grant Petitioner the relief he seeks. The vast majority of courts addressing similar claims have held that the BOP's regulations regarding RRC placement are valid. *See McDonald v. Obama*, No. 10-CV-379, 2010 WL 1526443, at \*6-\*7 (M.D. Pa., Mar. 15, 2010) (collecting citations); *but see Krueger*, 665 F. Supp. 2d at 483 (holding that BOP's policy "significantly reduces the possibility of a truly individualized review"). One decision upholding the BOP's regulations is *Miller v. Whitehead*, 527 F.3d 752, 757-58 (8th Cir. 2008), which is apparently the only appellate court to confront the issue. *Miller* explained that the BOP's policy of requiring a heightened standard for longer stays in an RRC did not conflict with the Second Chance Act's requirement of an individual determination for each inmate. *Id.* This Court is persuaded by the reasoning of *Miller* and the majority of courts which found appropriate BOP policy regarding RRC placement.

## CONCLUSION

Accordingly, this action is dismissed. The Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right and declines to issue a Certificate of Appealability. 28 U.S.C. § 2253(c)(1).

IT IS SO ORDERED.

                                                       s/ *Jack Zouhary*
                                                      JACK ZOUHARY
                                                      U. S. DISTRICT JUDGE

                                                     August 17, 2010